UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELDIN JOSSIEL GUILLEN
RODRIGUEZ,

        Petitioner,

    v.                         Case No.:  6:26-cv-00927-GAP-DCI

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY (DHS),
MARKWAYNE MULLIN, UNITED
STATES DEPARTMENT OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT, TODD LYONS,
and HARRY VERNON,

        Respondents.

_____/

## ORDER TO TRANSFER

This matter came before the Court on the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Eldin Jossiel Guillen Rodriguez ("Petitioner"). Doc. 1. Respondents have not yet appeared.

Upon review of the Petition, it is apparent that this Court lacks subject matter jurisdiction. *See* Doc. 1, ¶ 2 (noting that Petitioner is detained at the Folkston D. Ray Detention Center in Folkston, Georgia); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in

only one district: the district of confinement.").[1]

However, 8 U.S.C. § 1631 requires that when district courts "find[] that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, **and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred**."[2] (emphasis added).

In the Petition, Petitioner maintains that he is being detained unlawfully and seeks emergency injunctive relief. *See* Doc. 1, ¶¶ 15-16. Dismissing the Petition would unduly delay adjudication of his important claims. Therefore, the Court finds that it is in the interest of justice to expeditiously transfer the Petition to the sole district with jurisdiction to consider it: the Southern District of Georgia. *See* § 1631.

---

[1] *Rumsfeld v. Padilla*, 542 U.S. 426, 449-50 (2004) ("[T]he dissent cannot cite *a single case* in which we have deviated from the longstanding rule we reaffirm today—that is, a case in which we allowed a habeas petitioner challenging his present physical custody within the United States to name as respondent someone other than the immediate custodian and to file somewhere other than the district of confinement.") (emphasis original).

[2] In other words, Respondents may not shuffle Petitioner around the country to evade federal jurisdiction over his Petition. *See* 28 U.S.C. § 1631. Upon transfer, the Petition shall be deemed filed in the Southern District of Georgia—against Petitioner's immediate custodian and in the district of confinement—on April 27, 2026. Doc. 1.

Accordingly, it is **ORDERED** that the Clerk is **DIRECTED** to **TRANSFER**

Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) **to the Waycross Division**

**of the Southern District of Georgia.**

Thereafter, the Clerk may close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 28, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties